# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MCKILLIP, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) Case No. 18-cv-3698 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| JASON LAMBERT | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff/Counter-Defendant, Stephen McKillip brings this action against Defendant/Counter-Plaintiff Jason Lambert alleging breach of contract and fraud. Currently before the Court is Lambert's motion to dismiss McKillip's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). For the reasons explained below, Lambert's motion to dismiss is granted in part and denied in part.

**Background**

The following facts are summarized from the complaint and taken as true for the purpose of deciding this motion. Stephen McKillip resides in Florida. Jason Lambert is a citizen of Illinois. McKillip alleges that the parties entered into a merger agreement (the "Agreement") on December 29, 2017. Pursuant to the Agreement, One of Kind Prints, Inc. was merged into McKillip Industries, Inc., leaving McKillip Industries as the surviving entity. McKillip asserts that Lambert agreed to purchase ownership of McKillip Industries for $2,000,000 to be paid in $8,000 bi-weekly installments. McKillip states that Lambert abandoned the business on May 10, 2018 and has since stopped making payments, thus breaching the Agreement.

In Count I of the complaint, McKillip alleges breach of contract against Lambert for failure to make payments in accordance with the Agreement. In Count II, McKillip alleges that Lambert never intended to abide by the Agreement, thus committing fraud.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

Lambert moves to dismiss both Counts.

*1. Count I: Breach of Contract*

Lambert argues that Count I should be dismissed. To state claim for breach of contract in Illinois, McKillip must allege (1) the existence of a valid and enforceable agreement, (2) substantial performance, (3) breach by Lambert, and (4) damages. *See Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 967 (2004)). Certain elements of claims that are not specifically stated can be inferred from the facts in the complaint so long as the plaintiff alleges facts that plausibly allege the defendant's liability. *Minnesota Life Insurance Company v. Eischen*, No. 16-cv-11231, 2018 WL 1726423 at *5 (N.D. Ill. Apr. 10, 2018) (internal citation omitted) (Coleman, J.).

The Court finds that McKillip has adequately pled a breach of contract claim against Lambert. The complaint alleges that the parties executed a merger agreement on December 29, 2017 which was "consummated and closed." Dkt. 1 ¶¶ 4-5. The complaint states the basic terms of the contract and breach; that Lambert agreed to pay $2,000,000 for the ownership of McKillip Industries, Inc. but failed to pay the bi-weekly installments as of May 10, 2018 and "abandoned the business." *Id.* ¶¶ 6-8. McKillip also asserts that this breach of the Agreement resulted in damages. *Id.* ¶ 10. Accordingly, McKillip has pled sufficient facts for the Court to infer that it substantially complied with the terms of the Agreement. Lambert's motion to dismiss Count I is therefore denied.

*2. Count II: Fraud*

Lambert moves to dismiss McKillip's fraud claim. Specifically, Lambert argues that Count II is not pled with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. 9(b). In other words, McKillip must provide the "who, what, when, where, and how" of the circumstances surrounding the complaint. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal citation omitted); *see also United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009).

In Count II of his complaint alleging fraud, McKillip states the following:

> 12. At the time he entered into the Agreement, Defendant had no intention to comply with his contractual obligations to Plaintiff
>
> 13. By doing so, Defendant schemed to defraud Plaintiff from the value of Plaintiff's company
>
> 14. As a result of his actions, Defendant has caused Plaintiff to be damaged.

Dkt. 1 ¶¶ 12-14.

3

The Court finds that, even after construing the complaint in a light most favorable to McKillip, Count II fails to allege fraud in accordance with Rule 9(b). McKillip alleges no facts with the required specificity in his fraud allegation. As Rule 9(b) calls for a heightened pleading standard, McKillip's generalities will not suffice. *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011). Count II is dismissed without prejudice.

*3. Failure to Join Under Rule 19*

Lambert moves to dismiss McKillip's complaint under Rule 12(b)(7). Specifically, Lambert asserts that McKillip's complaint should be dismissed for failure to add the required parties pursuant to Federal Rule of Civil Procedure 19.

Determining whether a party should be joined under Rule 19 requires a two-step inquiry. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481-82 (7th Cir. 2001). First, courts must decide if a party is necessary to the case. *Id.* (citation omitted). When analyzing whether a party is necessary, courts consider whether: (1) complete relief can be granted in the party's absence; (2) the absent party's ability to protect its interest will be impaired if not joined; and (3) the existing parties may be subject to a risk of multiple or inconsistent obligations without joinder. Fed. R. Civ. P. 19(a); *Davis Companies*, 268 F.3d at 481-82. Second, if the court determines that the party is necessary but cannot be joined (because it would destroy diversity jurisdiction, for example), the court must decide whether the litigation can proceed in the party's absence. Fed. R. Civ. P. 19(b).

In this case, the Court finds that McKillip Jr., McKillip Industries, and One of a Kind are necessary parties under Rule 19 because they were parties to the Agreement. As parties to the Agreement, the Court cannot grant complete relief among McKillip and Lambert without joinder; the absent parties' ability to protect their interests will be impaired if they are not joined; and Lambert is at a substantial risk of multiple or inconsistent obligations without joinder. *See* Fed. R. Civ. 19; *see also Davis Companies*, 268 F.3d at 481.

4

However, Lambert has not provided, and the Court is not aware of, any reason these parties cannot be joined to this action without relieving the Court of jurisdiction. Consequently, the Court orders that McKillip Jr., McKillip Industries, and One of a Kind be added as parties to this case. Lambert's motion to dismiss for failure to join is denied.

**Conclusion**

For the forgoing reasons, Lambert's motion to dismiss Count I is denied. Count II is dismissed without prejudice. Lambert's motion to dismiss the complaint for failure to join is denied. Finally, the Court orders that McKillip Jr., McKillip Industries, and One of a Kind be added as parties to this case. McKillip has 60 days to file an amended complaint in accordance with this Order.

IT IS SO ORDERED.

Date: 5/13/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge