# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN MCKILLIP, SR., | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-3698 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| JASON LAMBERT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen McKillip, Sr. brings this action against Jason Lambert, Stephen McKillip, Jr., and other parties to the relevant Merger Agreement alleging breach of contract and fraud claims. Before the Court is Lambert's motion to dismiss McKillip's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). For the reasons explained below, the Court grants in part with prejudice and denies in part Lambert's motion.

**Background**

The following facts are summarized from the first amended complaint,[1] as well as the Merger Agreement underlying this lawsuit. Stephen McKillip, Sr. ("McKillip"), Lambert, and others entered into a merger agreement ("Merger Agreement") on December 29, 2017. Pursuant to the Merger Agreement, defendant One of Kind Prints, Inc. was merged into defendant McKillip Industries, Inc. leaving McKillip Industries as the surviving entity. McKillip alleges that Lambert and McKillip, Jr. agreed to purchase ownership of McKillip Industries for $2,000,000 to be paid in $8,000 bi-weekly installments. McKillip also contends that Lambert and McKillip, Jr. abandoned the business on May 10, 2018 and have stopped making payments for the purchase of McKillip Industries.

---

[1] The Court granted in part and denied in part Lambert's first motion to dismiss on May 13, 2019.

In Count I, McKillip alleges a breach of contract claim against Lambert and McKillip, Jr. for failure to make payments in accordance with the Merger Agreement. In Count II, McKillip alleges a common law fraud claim against Lambert.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

*Breach of Contract Claim*

Lambert first argues that McKillip's breach of contract claim fails to state a claim because the Merger Agreement requires McKillip Industries, not Lambert or McKillip, Jr., to pay $2,000,000 for the purchase of McKillip Industries. In making this argument, Lambert ignores the plain language of the Merger Agreement and asks the Court to consider the Subordinated Security Agreement instead. First, the Merger Agreement equivocally states:

> Stephen McKillip, Jr. and Jason Lambert shall purchase ownership of McKillip from Stephen McKillip, Sr. and become 50/50 owners of McKillip.

2

> The Purchase Price of ownership of McKillip shall be Two Million and No/100 Dollars ($2,000,00.00), through seller financing and paid in installments as indicated herein… $8,000.00 paid bi-weekly[.]
>
> …
>
> The purchase of the ownership of McKillip shall be seller-financed through Stephen McKillip, Sr., with Stephen McKillip, Sr. taking a subordinate position to the lending bank.

Whereas, the Subordinated Security Agreement between McKillip and McKillip Industries (as the debtor) states that it is a "partial security for the payment and performance by Debtor of the Seller Note, which security agreement shall be subordinated to Debtor's senior lender, namely Providence Bank and Trust[.]" In short, the Subordinated Security Agreement and Seller Note pertain to the financing of the merger. Thus, it appears Lambert is asking the Court to delve into the bank loan and the transaction(s) that secured the loan, which the Court cannot do based on the record before it. The Court denies Lambert's motion to dismiss Count I on this basis.

*Fraud Claim*

Next, Lambert moves to dismiss McKillip's fraud claim arguing that he failed to fulfill Rule 9(b)'s particularity requirement, which means describing the who, what, when, where and how of the fraud. *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019). Under Illinois common law, the elements of a fraud claim include: (1) a false statement of material fact; (2) known to be false by the person making it; (3) with the intent to induce plaintiff to act; (4) plaintiff relied on the truth of the statement; and (5) damages resulting from such reliance. *Fifth Third Mortgage Co. v. Kaufman*, 934 F.3d 585, 588 (7th Cir. 2019).

McKillip provides additional details to his fraud claim that were not included in his original complaint, including that in April 2018, Lambert had prepared and signed a purported agreement to rescind the Merger Agreement in which Lambert falsely represented that the merger was merely a "contemplated merger." McKillip refused to sign this April 2018 agreement. McKillip also asserts

that after the merger, Lambert attempted to sell McKillip Industries in a manner that would leave McKillip responsible for its debt. Other allegations include that Lambert knew and intended to abandon McKillip Industries long before he did so in May 2018. McKillip further contends that after abandoning McKillip Industries, Lambert misrepresented to McKillip Industries' suppliers and vendors that McKillip was responsible for the corporation's debts. As a result of these misrepresentations, McKillip alleges that suppliers sued him in an attempt to collect debts that he did not owe.

Although these allegations give more background to his fraud claim, McKillip fails to sufficiently allege any reliance on Lambert's alleged misstatements to his detriment and that he was damaged as a result. The Court therefore grants Lambert's motion to dismiss Count II with prejudice. Because this is McKillip's second attempt to allege his fraud claim, the Court will not grant him leave to amend his fraud allegations.

*Rule 12(b)(7) Motion*

Lambert also seeks dismissal under Rule 12(b)(7) and Rule 19 because although McKillip added McKillip Industries and One of a Kind as named defendants per the Court's May 13, 2019 ruling, he fails to allege any claims against these entities. In his first amended complaint, McKillip discusses McKillip Industries and One of a Kind in the past tense. Indeed, from the allegations and the Merger Agreement, McKillip Industries and One of a Kind are no longer operating as going concerns. One of a Kind no longer exists because it merged into McKillip Industries, which was the surviving entity after the merger. The allegations, viewed in McKillip's favor, further show that McKillip Industries is no longer operating because Lambert abandoned the company in May 2018. Indeed, taking judicial notice of the Illinois' Secretary of State's corporate search website, McKillip Industries involuntarily dissolved on February 8, 2019.

4

Corporations that no longer exist or have been dissolved are not indispensable parties under Rule 19(a) because they no longer have an interest that could be impaired by the lawsuit. *See McNichols v. Weiss*, No. 18 C 2125, 2018 WL 5778413, at *4 (N.D. Ill. Nov. 2, 2018) (Kendall, J.); *Deleo v. Swirsky*, No. 00 C 6917, 2001 WL 687458, at *9 (N.D. Ill. 2001) (Andersen, J.); *Horbach v. Kaczmarek*, 915 F.Supp. 18, 21–22 (N.D. Ill. 1996) (Bucklo, J.). As such, Lambert's argument that McKillip Industries and One of a Kind are required parties under Rule 19(a) is unavailing. The Court denies Lambert's motion to dismiss brought pursuant to Rule 12(b)(7).

**Conclusion**

For the forgoing reasons, the Court grants in part with prejudice and denies in part defendant's motion to dismiss. [31].

IT IS SO ORDERED.

Date: 12/17/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge