UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MCKILLIP, SR., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 18-cv-3698 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JASON LAMBERT, et al., | ) | |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephen McKillip, Sr. ("McKillip, Sr.") brings this action against defendants Jason Lambert ("Lambert") and Stephen McKillip, Jr. alleging breach of contract. Lambert filed an amended answer asserting affirmative defenses and counterclaims for defamation per se (Count I); defamation per quod (Count II); a violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") (Count III); and declaratory judgment (Count IV). Before the Court is McKillip Sr.'s motion to dismiss Lambert's amended counterclaims. For the reasons stated below, the Court grants in part and denies in part McKillip, Sr.'s motion.

**Background**

From 2004 to 2018, Lambert worked for McKillip Industries, Inc. ("McKillip Industries"), which was owned by McKillip, Sr. Lambert started as the Regional Sales Manager and was promoted to Vice President of Sales and Marketing and then to Vice President of Production and Operations. Lambert was later promoted to President of McKillip Industries in 2014, a position he held until he resigned. Lambert alleges that McKillip Sr. engaged in improper conduct relating to McKillip Industries around the time that Lambert resigned on May 10, 2018.

During this time, McKillip Sr. was also trying to sell McKillip Industries to Repacorp, Inc.

("Repacorp"). In relation to the potential sale, McKillip Sr. exchanged emails with the President/ CEO and Vice President of Repacorp. In his original defamation counterclaims and his June 2020 amended counterclaims, Lambert alleges that these emails contained numerous false and defamatory statements regarding Lambert. For example, Lambert asserts that McKillip Sr. stated in a May 12, 2018 email that "Jason cheated me out of" $2 million" and in an email dated May 11, 2018, "Jason ruined [McKillip Industries] in record time." (Counterclaim at ¶ 15.) Lambert alleges that on May 18, 2018, McKillip, Sr. sent a correspondence to suppliers/vendors that also included defamatory statements against him. Further, Lambert states that during a July 13, 2018 conference call, McKillip, Sr. told the Vice President of Keneal Graphic Solutions, a customer of McKillip Industries, that Lambert abandoned the company. In the amended counterclaim, Lambert adds additional May 2018 emails sent to industry professionals, vendors, and suppliers stating that Lambert was a thief and a liar, among other allegedly defaming statements. Last, Lambert also adds similar emails from September 2019 and March 2020 in which McKillip, Sr. stated Lambert was a thief and abandoned McKillip Industries.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Defamation Claims*

McKillip, Sr. moves to dismiss Lambert's new defamation allegations set forth in Counts I and II of the amended counterclaim as untimely. Under Illinois law, the statute of limitations for a defamation claim is one year. 735 ILCS 5/13-201. Nonetheless, because Lambert brought many of the same defamation claims in his original counterclaim, the Court's inquiry turns to whether the new allegations relate back under Rule 15(c).

"Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted); Fed. R. Civ. P. 15(c)(1)(B). "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (citation omitted). Even significant changes to the allegations "can relate back so long as the defendant had fair notice of the substance of the new allegations from the outset." *Id.* Whether to allow amendment under Rule 15 is within the Court's discretion. *Springman v. AIG Mktg., Inc.,* 523 F.3d 685, 690 (7th Cir. 2008).

Lambert's original defamation allegations focused on the time period of May 2018 when he resigned from McKillip Industries and the vast majority of Lambert's new defamation allegations took place at the same time. They relate to the same occurrence as in the original counterclaim, namely, Lambert's resignation from McKillip Industries. Moreover, the original counterclaim put McKillip, Sr. on notice of the nature and scope of Lambert's new defamation claims. Indeed, McKillip, Sr. repeated a lot of his statements throughout the time period, including calling Lambert a thief and a liar, and that he abandoned McKillip Industries. Therefore, the Court, in its discretion,

allows these amendments because they relate back to the original counterclaim, and thus denies McKillip Sr.'s motion as to these statements. As to the emails from September 2019 and March 7, 2020, these statements are too temporally attenuated from the relevant occurrence and time period to relate back. Therefore, the Court grants McKillip Sr.'s motion in this respect.

*IUDTPA Claim*

McKillip, Sr. also moves to dismiss Lambert's counterclaim seeking monetary damages under the IUDTPA, Count III, arguing that the IUDTPA does not provide for monetary damages. Lambert concedes that his IUDTPA claim is insufficient because the IUDTPA does not provide for monetary damages and instead asks for leave to replead. Because Rule 15(a)(2) directs courts to freely give leave to amend when justice so requires, the Court dismisses Lambert's IUDTPA claim without prejudice and grants Lambert leave to reallege his IUDTPA claim by April 16, 2021.

*Declaratory Judgment Claim*

McKillip, Sr. moves to dismiss Count IV on the grounds that declaratory judgment does not constitute an independent cause of action, but is a form of relief. The Court agrees. *See Illinois v. City of Chicago*, 137 F.3d 474, 476–77 (7th Cir. 1998); *Elward v. Electrolux Home Prod.*, Inc., 214 F. Supp. 3d 701, 708 (N.D. Ill. 2016) (Lee, J.). As such, the Court dismisses Lambert's declaratory judgment claim as unnecessary.

**Conclusion**

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part the Plaintiff's motion to dismiss Lambert's amended counterclaim [76].

**IT IS SO ORDERED.**

Date: 3/26/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge